# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CR-04-JVB-JEM |
| | ) | |
| RITA LAW, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Defendant's Motion for Reconsideration of Detention Order [DE 42], filed by Defendant Law on February 25, 2014. On December 19 and December 27, 2013, the Court held an Initial Hearing Regarding Probable Cause and Detention as to Defendant Law.

On December 27, 2013, the Court issued an Order of Detention. The Court ordered that Defendant Law be detained pending trial, finding that there was a serious risk that Defendant Law would not appear. The Court further found that credible testimony and information submitted at the hearing established by a preponderance of the evidence that there was a serious risk that Defendant Law would not appear and that there was no condition or combination of conditions that could be imposed to assure her appearance in this case because: (1) of the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) the defendant's lack of employment; (4) the defendant's lack of property and lack of community ties; (5) the defendant's lack of familiar ties in the area; (6) the defendant's familial ties to foreign countries that do not have extradition agreements with the United States; and (7) the defendant's residential ties to foreign countries that do not have extradition agreements with the United States.

The Court held a hearing on the instant Motion on March 19, 2014, at which Defendant Law and the Government appeared by counsel. Defendant Law, by counsel, presented evidence by proffer and made arguments in favor of her release. Defendant Law contends that (1) she has evidence of employment; (2) she has evidence of property and familial ties in the area; and (3) pretrial detention is inappropriate because the Government has forced the defendant into a position that requires her to forego her rights under the Speedy Trial Act in order to contest the Government's violation of her rights under the Agreement between the Government of the United States of America and the Government of Hong Kong for the Surrender of Fugitive Offenders (Treaty) or to forego her rights under the Treaty in order to assert her rights under the Speedy Trial Act. The Government presented evidence by testimony and proffer and made arguments against Defendant Law's release.

Pursuant to United States Code,

> [A detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required.

18 U.S.C. § 3142(f)(2)(B).

The Court finds that the movant, Defendant Law, has not presented information that has a material bearing on whether there are conditions of release that will reasonably assure the appearance of the Defendant. The information submitted at the March 19, 2013, hearing does not rebut the presumption of detention in this case, and does not have a material bearing on the Court's finding as to Defendant Law's assured appearance at future Court hearings.

Accordingly, the Court hereby **DENIES** Defendant's Motion for Reconsideration of Detention Order [DE 42]. The original December 27, 2013, Order Of Detention should not be modified; it remains in full force and effect.

SO ORDERED this 20th day of March, 2014.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record