# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CR-04-JVB-JEM |
| | ) | |
| RITA LAW, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Reconsider Order Disqualifying Counsel for Defendant [DE 198], filed by Attorney Nejla Lane on June 6, 2016. The Government filed a response on June 20, 2016, and on June 27, 2016, Lane filed a reply. The Government provided a supplement on June 29, 2016. Lane seeks reconsideration of this Court's Order of May 6, 2016, disqualifying Lane as counsel for Defendant Law in this case.

**I.    Background**

This criminal case against Rita Law commenced on October 17, 2013, when the Government filed a Complaint against Law for transporting for prostitution, and an arrest warrant was issued. On December 4, 2013, Attorney Lane entered her appearance on behalf of Law, and on December 13, 2013, Law was arrested. Lane moved to withdraw her representation of Law on February 6, 2015. As described in detail in the Court's Order, Law has been represented by a number of attorneys since the beginning of this case, and is currently represented by Attorneys Paul Stracci and Alison Benjamin, who were appointed by the Court and have been counsel of record for Law since July 9, 2015, and January 4, 2016, respectively.

On March 3, 2016, Attorney Lane again entered her appearance on behalf of Law. On March 29, 2016, the Government filed a motion to disqualify Lane, and it was granted by the Court on May 6, 2016. Lane now seeks reconsideration of that Order.

**II.     Analysis**

Attorney Lane moves for reconsideration of the Court's ruling that she be disqualified as counsel for Defendant Rita Law. The Government objects, arguing that disqualification is appropriate and that Lane's motion merely rehashes arguments she made or could have made in the initial briefing.

"No federal rule or statute allows a motion to reconsider in a criminal case, but reconsideration motions are accepted as a common-law practice." *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014); *see also United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) ("Motions may exist as a matter of general practice. And that's what the Supreme Court has held. The Justices have concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.") (citing *United States v. Healy*, 376 U.S. 75 (1964)). "Motions for reconsideration, however, are not entertained lightly," *United States v. Gallardo (Flores)*, No. 13 CR 660, 2015 WL 278908, at *2 (N.D. Ill. Jan. 21, 2015), and a motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Instead, "a district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990).

The Court found that Lane was disqualified for two main reasons: (1) she is barred from

representation under Indiana Rule of Professional Conduct 3.7(a) because she is likely to be a necessary witness at trial and (2) pursuant to Indiana Rule of Professional Conduct 1.9 there is a conflict of interest between her representation of Law and a prior client who has not waived the conflict. Lane disputes both of these conclusions.

Lane argues that the Court erroneously concluded that because she could be called to corroborate or contradict the testimony of other witnesses, she was a necessary witness under Rule 3.7. She again argues that she is not a necessary witness at trial because she is not the only witness available to testify as to any area of testimony described by the Government.

Rule 3.7(a) provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Ind. R. Prof. Cond. 3.7(a). The comments to that rule note that "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." Ind. R. Prof. Cond. 3.7, comment 2. "That counsel should avoid appearing both as advocate and witness except under special circumstances is beyond question." *United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983); *see also United States v. Hersman*, No. 2:13-CR-00002, 2013 WL 820500, at *3 (S.D.W. Va. Mar. 5, 2013) ("[A] defendant's attorney may be disqualified when the attorney might be called as a witness for the defendant or be an unsworn witness for the defendant at trial.") (citing *United States v. Locascio*, 6 F.3d 924, 934

(2nd Cir. 1993); *United States v. Kliti*, 156 F.3d 150, 156 (2nd Cir. 1998)).

As described in the Court's prior Order, the Government has laid out four specific areas of testimony that Lane is a witness to based on her personal knowledge. Lane argues that she is only a corroborative witness, not the only necessary witness, to at least some of the areas of testimony.

The Government asserts that it will present evidence that Law hired Lane to represent material witness XC for the purposes of having her deported to Taiwan so that she could not testify against Law in this case. The Government states that it intends to argue that Law's hiring of Lane to facilitate the deportation of XC to Taiwan is relevant to Law's pattern of behavior and consciousness of guilt, and that Lane is the only witness the Government can call at trial to confirm that she was hired by Law to have XC deported to Taiwan. In the instant Motion, Lane argues that the Government can ask XC whether XC hired her. She also asserts that she was retained by Law to represent XC in the criminal proceedings in state court, assist with obtaining XC's property that had been obtained through forfeiture, and deal with any immigration matters. Lane also argues the merits of the arguments that the Government intends to present at trial about her representation of XC. The Government points out that only Lane and Law have personal knowledge about who hired XC and for what purpose, and that the Government cannot force Law to testify at her criminal trial. Accordingly, Lane is the only available witness to that area of testimony. There has been no significant change in law or facts since the prior motion, and the Court did not misunderstand any of Lane's arguments as to who could testify about Law retaining her to represent material witness XC.

The Government also argues that Lane is a necessary witness to the conversation between Law and XC at the jail. Lane now argues that there is a video of the conversation, so that her

4

testimony about her personal observations during the conversation is unnecessary. The Government provided a copy of the video to the Court, and, as the Government asserts, there is no sound, so it does not provide any substitute for Lane's testimony regarding whether Law spoke only as a translator or communicated independently with XC, the tone of voice of the two other women, or other specifics about their demeanor that cannot be gleaned from the tape. The Government is likely to ask XC about the content of the conversation at the jail, and the only other potential witness, Law, cannot be compelled to testify at her own criminal trial. Lane's testimony could be relevant and material to Law's defense if it contradicts the testimony of XC, and even if she were not called to testify, her participation in the jail conversation and makes her an "unsworn witness for defendant at trial." *United States v. Hersman*, No. 2:13-CR-00002, 2013 WL 820500, at *3 (S.D.W. Va. Mar. 5, 2013) ("[A] defendant's attorney may be disqualified when the attorney might be called as a witness for the defendant or be an unsworn witness for the defendant at trial."). Although the video was not previously provided to the Court, it is not new evidence and Lane could have provided it as part of her initial argument. Furthermore, the existence of the video does not change the potential importance of her testimony.

Lane does not include any new or additional argument about the other two areas of testimony about which the Government argued she would be a necessary witness, other than general argument that since she was only a corroborative witness, she could not be a necessary witness. The Government previously asserted that Lane is a necessary witness to the events surrounding the drafting of an affidavit in this case. In her initial briefing, Lane argued that there was a private investigator present for the conversations with the affiant. At that time, she had not provided the identity of that potential witness, and does not argue in the instant Motion that she has done so now

5

or that he or she is an available witness. Furthermore, as the Government pointed out in its earlier briefing, Lane admits to revising the affidavit before sending it to the affiant. Accordingly, she is the only one capable of providing testimony about those revisions.

In short, there are several areas of testimony about which Lane is the only available witness, and Lane does not identify any significant change in the law or facts since the parties previously presented the issues to the Court. Lane does not address any potential hardship suffered by Law that was not argued in the previous briefing, and there is no reason for the Court to disturb its finding that Lane is disqualified from serving as Law's attorney pursuant to Indiana Rule of Professional Conduct 3.7.

Lane argues that the Court should reconsider its finding that Lane should be disqualified as counsel for Law pursuant to Indiana Rule of Professional Conduct 1.9. Lane argues that there is no conflict between her representation of XC and Law because she only represented XC for a short period of time, the documents signed by XC making Lane her attorney may be invalid or unenforceable, Lane withdrew her forms of representation of XC by June 26, 2016, and the Government is keeping XC from waiving the conflict.

In its previous Order, the Court found that, as the Government argued, Indiana Rule of Professional Conduct 1.9 prohibits Attorney Lane's representation of Law because of the conflict of interest with Attorney Lane's prior client, known in this case as XC, who has not waived the conflict. Rule 1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent in writing.

6

Ind. R. Prof. Cond. 1.9(a).

None of the contradictory arguments made by Lane in the instant Motion as to the length or scope of her representation of XC change the fact that XC was Lane's prior client and has not waived the conflict. As explained in its prior Order, the Court previously appointed a separate attorney for XC in these proceedings, over Lane's protestations, because of the conflict of interest inherent in allowing Attorney Lane to represent both XC and Law in this matter. None of Lane's arguments change the conclusion that Indiana Rule of Professional Conduct 1.9(a) prohibits Attorney Lane from representing Law at trial.

Lane makes and re-asserts a number of other arguments in her briefing. For example, Lane asserts that the client agreement signed by Law and Lane in September 2013 did not create an attorney-client relationship but was merely a power of attorney document giving Lane the ability to act on behalf of Law if Law was not available, and was signed so that Lane could obtain property of Law's that had been seized. If Lane was an attorney for both XC and Law at the time of the meeting at the jail, that would indicate a conflict of interest. However, whether or not her representation of the two overlapped at the time of the jail visit, the timing of the representation does not affect the Court's analysis that Lane is still a necessary witness in the case and that her representation of Law is in conflict with her prior representation of XC. Lane has not identified any significant change in law or fact since the Court's prior Order or otherwise made any arguments that affect its analysis.

Indiana Rule of Professional Conduct 1.9(a) prohibits Attorney Lane from representing Law in the same matter in which her interests are materially adverse to the interests of XC, a former client, without informed consent from XC. Furthermore, Attorney Lane is likely to be called by the

Government as a necessary witness to at least one but potentially several subject areas in this case, and may also be a necessary witness for Defendant Law or one of the other defendants in this case. Lane has not presented any new law or facts in this case or otherwise demonstrated that reconsideration is appropriate. To the extent that Lane is seeking a hearing on this matter, the Court finds that the briefing included enough information for the Court to rule on the instant Motion.

**III. Conclusion**

For the foregoing reasons, the Court hereby **DENIES** the Motion to Reconsider Order Disqualifying Counsel for Defendant [DE 198].

The Court **DENIES as moot** the Motion to Reinstate Appearance of Attorney Nejla K. Lane as Attorney of Record for Defendant Rita Law on the Docket for this Case, filed twice at [DE 203 and 204].

SO ORDERED this 6th day of July, 2016.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Attorney Nejla Lane