**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CR-04-JVB-JEM |
| | ) | |
| RITA LAW, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Substitution of Attorney and to Continue Trial [DE 232], filed by Defendant Law on November 16, 2016. Defendant Law asks the Court to continue her trial date until after March 20, to extend the deadline for filing pretrial motions, and to allow her newly retained attorney, Gal Pissetzky, to appear. On December 2, 2016, the Court held a hearing and denied the Motion [DE 232]. *See* DE 238. The Court now elaborates on its reasoning in this written opinion.

**I.    The Motion to Substitute**

The Court denies the Motion to Substitute because the Motion is moot. Defendant Law's new attorney Gal Pissetzky has already filed his Notice of Appearance [DE 231], and Defendant Law's existing attorney John Maksimovich has made an oral motion to withdraw, *see* DE 238, which the Court has taken under advisement.

**II.    The Motion to Continue**

Defendant Law has asked the Court to continue the trial for the following reasons: (1) her new attorney Mr. Pissetzky needs more time to review the discovery material; (2) Mr. Pissetzky has a state court jury trial scheduled to begin on January 17, 2017, the same day this trial is scheduled

1

to begin; and (3) Mr. Pissetzky has a four-week trial scheduled in federal court in Illinois beginning February 6, 2017. For those reasons, Defendant Law asks for the trial to be continued to March 20, 2017, or later.

The Sixth Amendment gives a criminal defendant a "fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53 (1932). But the right to counsel of one's choice is "not absolute." *United States v. Carrera*, 259 F.3d 818, 824 (7th Cir. 2001). The Sixth Amendment does not "give an accused the power to manipulate his choice of counsel to delay the orderly progress of his case." *United States ex rel Kleba v. McGinnis*, 796 F.2d 947, 952 (7th Cir. 1986) (quotation omitted). Rather, a criminal defendant's exercise of his right to counsel of his choice "must at times give way to the need for a fair and efficient administration of justice." *United States v. Cicale*, 691 F.2d 95, 106 (2d Cir. 1982), *cert. denied*, 460 U.S. 1082 (1983). Put differently, the right to be represented by the attorney of one's choice "cannot be insisted upon to such a degree that it obstructs the reasonable and orderly procedures of the court." *United States ex rel Spurlark v. Wolff*, 683 F.2d 216, 220 (7th Cir. 1982), *vacated on rehearing on other grounds*, 699 F.2d 354 (7th Cir. 1983) (en banc). The Court has "broad discretion in scheduling trials," and only an "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay" violates the Sixth Amendment. *United States v. Berkowitz*, 927 F.2d 1376, 1381 (7th Cir. 1991) (internal quotation omitted).

Here, the instant Motion represents Defendant Law's tenth request for a continuance since she first appeared in Court three years ago, in December 2013. *See* DE 45, 82, 86, 93, 96, 126, 146, 173, 215, 232. Defendant Law's new attorney, Mr. Pissetzky, is the tenth attorney to represent her. All of Defendant Law's previous lawyers—besides Mr. Maksimovich, who has orally moved to

withdraw but remains counsel of record for the time being—either were fired, withdrew after not being paid, or withdrew due to Defendant Law's noncooperation. Retained attorney William Enslen withdrew on March 14, 2014 (*see* DE 48 ("Rita Law has requested that counsel withdraw")); retained attorney Scott King withdrew on August 27, 2014 (*see* DE 88 ("defendant has failed to fulfill her obligations to compensate moving counsel")); retained counsel Nejla Lane withdrew on February 12, 2015 (*see* DE 105 ("moving counsel has not been paid")); retained attorneys Sheldon Soronsky, James Hyun, and David Kerstein withdrew on July 1, 2015 (*see* DE 137 ("the current conduct, statements and attitude of Rita Law prevent the movants from adequately representing [her]")); and CJA-appointed attorneys Paul Stracci and Alison Benjamin withdrew on July 13, 2016 (*see* DE 209 ("Ms. Law has stated . . . that she does not trust undersigned counsel")).

Indeed, as early as April 2015 the Government argued that Defendant Law was attempting to manipulate the case's progress by repeatedly hiring and firing attorneys. *See* DE 129. The Court nonetheless gave Defendant Law the benefit of the doubt and continued the trial to October 2015. *See* DE 131. In August 2015, Defendant Law moved for another continuance due to her shifting attorney representation. *See* DE 146. The Government argued again that Defendant Law was attempting to manipulate the case's progress, but the Court granted the motion and continued the trial to February 2016. At the final pretrial conference, Defendant Law sought a 7-month continuance, which the Court granted to allow "plenty of time for Ms. Law's attorneys to prepare their case, so that no additional continuances will be needed . . . . In fact, this date is firm and will not change absent extreme circumstances. Thus, if—as has happened numerous times before—new attorneys want to appear on behalf of Ms. Law, they would be bound by the [August 2016] trial start date." *See* DE 174. But in July 2016 Defendant Law moved to continue the August 2016 trial date,

3

and the Court acquiesced, with a note that "further requests for continuances will be viewed with disfavor." *See* DE 219.

With that backdrop of events in mind, the Court finds that granting yet another continuance would improperly allow Defendant Law to manipulate her choice of counsel to delay her prosecution. Defendant Law's right to choose her own counsel is not absolute, and the Sixth Amendment does not entitle her to "manipulate h[er] choice of counsel to delay the orderly progress of h[er] case." *United States ex rel Kleba v. McGinnis*, 796 F.2d 947, 952 (7th Cir. 1986); *United States v. Carrera*, 259 F.3d 818, 824 (7th Cir. 2001). At some point, a criminal defendant's efforts to delay the resolution of her case must end, and that point has been reached here. This case will proceed to trial on January 17, 2017. If Mr. Pissetzky wishes to represent Defendant Law at that trial, he must reschedule his other conflicts. If Mr. Pissetzky *cannot* represent Defendant Law, Mr. Maksimovich will remain counsel of record. But at the recent hearing on December 2, 2016, Mr. Pissetzky represented that he is optimistic that he will be able to reschedule his state court trial and proceed to trial in this case on January 17, 2017.

### III. Conclusion

For the reasons above, the Court **DENIES** the Motion for Substitution of Attorney and to Continue Trial [DE 232].

The trial remains scheduled for **January 17, 2017**, at 12:30 p.m. (CST) before District Court Judge Joseph Van Bokkelen. A Pre-Trial Conference is set for **December 14, 2016, at 1:30 p.m.** (CST) before Magistrate Judge John E. Martin.

Attorneys Gal Pissetzky and John Maksimovich remain counsel of record for Defendant Law, with Mr. Maksimovich's oral motion to withdraw having been taken under advisement as the

4

Court waits to learn whether Mr. Pissetzky's state court trial will be rescheduled, allowing Mr. Pissetzky to take over the case.

      SO ORDERED this 6th day of December, 2016.

                                                  s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:     All counsel of record