UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:14-CR-4-JVB-JEM |
| ) | |
| RITA LAW, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on an "Emergency Motion" Request for Immediate Release [DE 516] filed by Defendant on June 5, 2020. For the reasons below, the Court denies the motion.

### BACKGROUND

On October 17, 2013, a criminal complaint was filed against Defendant. Defendant was arrested on December 13, 2013. She was remanded to the custody of the United States Marshal pending trial. An indictment, superseding indictment, and second superseding indictment were filed. In the second superseding indictment, filed on December 22, 2016, Defendant was charged with two counts of trafficking and servitude and aiding and abetting in violation of 18 U.S.C. § 1590(a) and § 2, one count of transporting for prostitution and aiding and abetting in violation of 18 U.S.C. § 2421 and § 2, and use of an interstate facility to promote prostitution and aiding and abetting in violation of 18 U.S.C. § 1952(a)(3) and § 2.

A jury trial was held from January 23, 2017, through February 10, 2017. The jury found Defendant guilty of the four counts brought against her in the second superseding indictment. At the July 10, 2019 sentencing hearing, Defendant was committed to the custody of the Bureau of Prisons for a total term of 360 months. No term of supervised release was imposed. Defendant has

appealed, and her appeal is pending before the Seventh Circuit Court of Appeals. Defendant is currently incarcerated at Secured Female Facility Hazelton (SFF Hazelton).

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements.

The Government argues that Defendant failed to exhaust her administrative remedies. Defendant, in her motion did not indicate whether she complied with this requirement. The Government concedes that this issue is not jurisdictional. The Court need not determine Defendant's compliance with the requirement because the motion is denied for other reasons.

Congress tasked the Sentencing Commission with promulgating a policy statement on § 3582(c)(1)(A) and the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The guidelines manual provides that the Court must determine that "the defendant is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13(2). The policy statement, found in the application notes to § 1B1.13 of the United States Sentencing Guidelines Manual, provides, as is relevant here, that a defendant's medical condition is an extraordinary and compelling reason when the defendant's serious physical or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant is not expected to recover from the condition. *Id.* at § 1B1.13 cmt. 1.[1]

---

[1] The policy statement does not reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

Defendant has presented no argument that she has any particular medical condition that places her at a higher risk to develop severe illness should she contract the coronavirus or that would substantially diminish her ability to provide self-care within the environment of her correctional facility. Thus, the Court cannot find that her medical condition is an extraordinary and compelling reason such that compassionate release may be warranted. Therefore, Defendant's motion is denied. In so ruling, however, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the "Emergency Motion" Request for Immediate Release [DE 516].

SO ORDERED on September 4, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

3